**AYER v. BLAIR, Commissioner of Internal Revenue.**

Court of Appeals of District of Columbia.

Submitted February 10, 1928.　Decided April 2, 1928.

No. 4627.

1. **Internal revenue ⊜7(11, 19)—Profit or loss in sale of stock held properly computed on basis of total cost of stock sold and new stock purchased (Regulations 45 [1920 Ed.] art. 1547; Regulations 69, art. 39; Revenue Act 1926, § 1108a, 26 USCA § 1251(a).**

Recomputation of profit or loss in income taxpayer's sale of 300 shares of bank stock in 1920 held properly based on total cost of such shares and 300 new shares purchased at par when bank doubled its capital stock, in accordance with Regulations 45 (1920 Ed.) art. 1547, so as to show gain, instead of loss, indicated by return not referring to such new stock; modification of rule by Regulations 69, art. 39, which was without retroactive effect under Revenue Act 1926, § 1108a (26 USCA § 1251 (a), being inapplicable.

2. **Internal revenue ⊜25—Board of Tax Appeals held justified in entering finding respecting purchase of new stock and relation to cost of stock sold by purchaser.**

On appeal from Internal Revenue Commissioner's redetermination of income tax, based on total cost of shares of bank stock, sold by taxpayer for less than amount paid therefor, and new shares purchased by him at par, as shown by excerpt from joint exhibit in record, Board of Tax Appeals was justified in entering finding respecting purchase of such new shares and their relation to cost of shares sold.

Appeal from the Board of Tax Appeals.

In the matter of the income tax of Frederick Ayer. From a decision of the Board of Tax Appeals, sustaining a redetermination by David H. Blair, Commissioner of Internal Revenue, the taxpayer appeals. Affirmed.

J. C. Peacock and J. W. Townsend, both of Washington, D. C., for appellant.

L. L. Hight and J. W. Fisher, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. An appeal from a decision of the Board of Tax Appeals sustaining a redetermination entered by the Commissioner of Internal Revenue, holding appellant liable for a deficiency in income tax for the year 1920. The alleged deficiency is based upon a recomputation of the profit or loss in the sale by appellant in that year of 300 shares of stock of the First National Bank of Boston.

It appears that during the years 1914 to 1917, inclusive, appellant purchased various blocks of stock of the bank, aggregating 300 shares, at a total cost of $120,637.50; that the ownership of these shares was evidenced by eight certificates of stock; that in the year 1920 the bank doubled its capital stock and offered one new share of stock at $100 for each old share held by any stockholder; that appellant exercised his rights as a stockholder, and purchased 300 new shares in April, 1920, for $30,000; that in December, 1920, appellant purported to sell the 300 shares represented by the original eight certificates for $85,500, and upon such sale delivered the eight certificates to the purchaser; and that appellant in his income tax returns

for 1920 computed a loss on the sale at the difference between the cost of the shares, to wit, $120,637.50, and the selling price thereof, to wit, $85,500, making a loss of $35,137.-50. This calculation, of course, makes no reference to the 300 shares of new stock acquired at par by appellant by the exercise of his rights as a stockholder, and which are still owned by him. The Commissioner refused to accept this computation, and held that the cost of both the old and the new shares must be combined and considered together, in order to determine the basis upon which gain or loss shall be determined. Accordingly he added $120,637.50 (the cost of the old shares) and $30,000 (the cost of the new shares) together, thereby finding a total cost of $150,637.50 for the combined 600 shares, or $75,318.75 for 300 shares, and accordingly held that the sale of 300 shares for $85,500 showed a corresponding gain, instead of a loss. A redetermination was made upon that basis, and the Board sustained the Commissioner's action; hence this appeal.

[1] We think the Board's decision is right. The 300 shares of stock which appellant first purchased, and the 300 shares which he afterwards sold, were not the same shares in contemplation of law, notwithstanding that the original certificates of stock were delivered to the purchaser to complete the sale. The parties were not dealing with mere paper certificates, but with proportionate interests in the ownership of the bank. When the capital stock of the bank was doubled, and appellant's holding was similarly increased, he continued to hold the same proportion as before of the bank's capital, represented, however, by 600 shares, instead of only 300, at a total cost of $150,637.50. The Commissioner rightly computed the cost of the 300 shares sold by appellant at the one-half of the total cost, to wit, $75,318.50.

In Towne v. McElligott (D. C.) 274 F. 960, it was held that, in computing the profit from the sale of shares of corporate stock, for income tax purposes, where the seller has received a stock dividend on the shares sold, he is not to be considered as having sold all he bought, and is not entitled to credit for the full price paid, but only for the proportion of the price that the shares sold bear to the whole number accruing from the purchase.

In Miles v. Safe Deposit Co., 259 U. S. 247, 42 S. Ct. 483, 66 L. Ed. 923, it was held by the Supreme Court that, where a corporation doubled its capital stock and offered the new stock share for share to its stockholders at a stated price per share, and a stockholder sold its preference rights, the taxable gain and income was properly computed by adding the subscription price so fixed for each new share to the market value of each old share as it was before the increase was authorized, taking one-half of the sum as the cost of each new share, and deducting this from the sum of the subscription price and the amount received for each subscription right, the result being the taxable gain or profit. The court said:

"How the gain should be computed is a matter of some contention by the government in this court; but it admits of little doubt. To treat the stockholder's right to the new shares as something new and independent of the old, and as if it actually cost nothing, leaving the entire proceeds of sale as gain, would ignore the essence of the matter, and the suggestion cannot be accepted. The District Court proceeded correctly in treating the subscription rights as an increase inseparable from the old shares, not in the way of income, but as capital; in treating the new shares, if and when issued, as indistinguishable legally and in the market sense from the old; and in regarding the sale of the rights as a sale of a portion of a capital interest that included the old shares."

This method of computation accords with the rule prescribed by article 1547 of Regulations 45 (1920 Ed.) relating to stock dividends. The rule was later modified by the Commissioner with the approval of the Secretary of the Treasury. Article 39, Regulations 69. The modification, however, was without retroactive effect. See section 1108 (a) of the Revenue Act of 1926 (26 USCA § 1251 (a); T. D. 4018. Int. Rev. Bulletin, Vol. VI, No. 23, p. 2. Subsequent modification, therefore, has no bearing upon the case.

[2] Appellant contends that under the pleadings and evidence the Board was not justified in entering a finding respecting the purchase of the new shares of stock issued to appellant, or their relation to the cost of the 300 shares sold by him. We cannot sustain this contention. The question at issue related to the Commissioner's redetermination of appellant's tax, and the excerpt from the joint exhibit contained in the record discloses that this was based upon the cost of the old and new shares considered together as above computed.

The decision appealed from is affirmed.